IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

T'UNICA MITCHELL,
An Individual,

        Plaintiff,

vs.

CASE NO.:

SUNSHINE FITNESS
MANAGEMENT LLC, d/b/a PLANET
FITNESS, A Florida Limited Liability
Company; TIM CAYLOR, An
Individual; CHRISTOPHER
MCGILLOWAY, An Individual;
MAURICIO CARDENAS, An
Individual; KRISTINA MOOTY, An
Individual; and SYMPHONIE
FISHER, An Individual,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

T'UNICA MITCHELL ("Mitchell" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant, SUNSHINE FITNESS MANAGEMENT LLC d/b/a PLANET FITNESS ("Planet Fitness" or "Defendant"), Defendant TIM CAYLOR ("Mr. Caylor"), Defendant CHRIS MCGILLOWAY ("Mr. McGilloway"), Defendant Mauricio Cardenas (" Mr. Cardenas"), Defendant KRISTINA MOOTY ("Ms. Mooty"), and Defendant SYMPHONIE FISHER ("Ms. Fisher"). Defendant is the largest operator of Planet Fitness clubs in the Southeastern portion of the United States.

Defendant operates more than 100 Planet Fitness clubs across Florida, Georgia, and Alabama. As Defendant continues to rapidly expand throughout the United States, they are keeping African American employees, such as T'unica Mitchell, from attaining management roles by concealing open management positions, creating false barriers to promotion which miraculously disappear for non-African Americans, and allowing a racially hostile work environment to persist. At the time of Plaintiff's filing of her complaint with the Equal Employment Opportunity Commission, less than 2% of Defendant's management were comprised of African Americans. Plaintiff, who has suffered and continues to suffer at the hands of Planet Fitness and its management, brings this action to remedy the pervasive racial harassment, racial discrimination, and retaliation to which she was subjected.  Plaintiff in support of her claims states as follows:

## NATURE OF ACTION

1.     This action is brought pursuant to violations of (1) Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e *et seq.*; (2) 42 U.S.C. §1981 *et seq.*; and (3) the Florida Civil Rights Act of 1992, as amended Fla. Stat. §760.10, *et seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to the provisions of 28 U.S.C. § 1367 *et seq*.

4.    Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b) because Planet Fitness resides in this District and is a resident of the State of Florida. Further, a member of Planet Fitness, SUNSHINE SUB, LLC, resides in this District.

## PARTIES

5.    At all times relevant to this action, Plaintiff Mitchell is an African American woman and resident of Lake County, Florida.

6.    At all times relevant to this action, Plaintiff Mitchell is an employee of Defendant Planet Fitness.

7.    At all times relevant to this action, Defendant Planet Fitness is a Florida Limited Liability Company doing business in Orange County, Florida.

8.    At all times relevant to this action, Defendant Planet Fitness has its principal place of business in Orange County, Florida.

9.    At all times relevant to this action, Defendant Planet Fitness operates Planet Fitness clubs throughout the state of Florida.

10.    At all times relevant to this action, Defendant Planet Fitness was and is an "employer" as defined by Title VII, 42 U.S.C. § 2000e; and the Florida Civil Rights Act of 1992, Fla. Stat. §760.02(7).

11.     At all times relevant to this action, Defendant Timothy Caylor was employed by Planet Fitness as Regional Manager.

12.     At all times relevant to this action, Defendant Chris McGilloway was employed by Planet Fitness as Director of Operations.

13.     At all times relevant to this action, Defendant Mauricio Cardenas was employed by Planet Fitness as Regional Manager.

14.     At all times relevant to this action, Defendant Kristina Mooty was employed by Planet Fitness as Vice President of Human Resources.

15.     At all times relevant to this action, Defendant Symphonie Fisher was employed by Planet Fitness as General Manager.

16.     The individual defendants participated in, assisted, aided and abetted, acquiesced in, and/or failed to prevent the actions complained of herein.

## **ADMINISTRATIVE PREREQUISITES**

17.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached as Exhibit "A".

18.     A notification of Right to Sue was received from the EEOC on or about April 19, 2021, and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

19.     All conditions precedent to bringing this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

20.  On or around November 2015, Mitchell began her employment with Planet Fitness as "Club Opener".

*Disparate Treatment and Disparate Impact*

21.  At all times relevant to this action, Mitchell garnered numerous awards for her work with Planet Fitness, received positive performance reviews from leadership, and praise from management, peers, and club members.

22.  Despite Mitchell's stellar performance she was only promoted once during her five-year tenure, while unqualified and less experienced non-African Americans were double, and triple promoted.

23.  From 2016 through 2019, each time Mitchell inquired about an open Assistant General Manager position, her then Regional Manager, Mr. Tim Caylor, ("Mr. Caylor" or "Regional Manager") would give her the run around.

24.  Mr. Caylor would tell Mitchell that there are currently no open positions for Assistant General Manager. When in fact the open Assistant General Manager positions were hidden from Mitchell while Mr. Caylor and upper management chose to only disclose those positions to handpicked non-African American employees.

25.   Many times, Mitchell would later learn that an Assistant General Manager position was open only after Planet Fitness announced that a non-African American was given the position.

26.   The few times Planet Fitness posted an Assistant General Manager position Mitchell attempted to apply but was met with resistance.

27.   Mr. Caylor stated to Mitchell, "now is not a good time for you, wait your turn" or he would also say, "you would be a better Assistant General Manager down south".

28.   In or around October 2019, after four years of denials and resistance from Planet Fitness, Mitchell was placed as an Assistant General Manager of the club located in Eustis, FL.

29.   As an Assistant General Manager, Mitchell was tasked with training her co-workers and assumed the role of acting General Manager in the absence of the club's General Manager. Mitchell would also take extra shifts on short notice and regularly travel more than 30 miles to different locations to oversee or help open new clubs.

30.   In or around December 2019, Mitchell expressed interest in the open Leesburg General Manager position to her Regional Manager Tim Caylor.

31.  Although Mitchell met all of the qualifications listed for the job, Mr. Caylor informed Mitchell that she could not apply for the General Manager position because she was recently promoted.

32.  Mitchell soon learned Mr. Caylor invented these qualifications to prevent her from applying.

33.  In January 2020, Mitchell was tasked with training a non-African American new hire, Ms. Amanda Gribschaw ("Ms. Gribschaw").

34.  Mitchell trained Ms. Gribschaw for eight (8) months at the Clermont, FL location.

35.  In or around August 2020, Mitchell's General Manager abruptly transferred Mitchell to the Apopka, FL location, and promoted Ms. Gribschaw to the position of Assistant General Manager of Clermont, the same position that was held by Mitchell.

36.  Although Mitchell was not given the proper two (2) weeks' notice for the transfer to Apopka, she continued to provide outstanding customer service to club members and train her co-workers.

37.  On or about August 4, 2020, Mitchell applied for the General Manager positions in Apopka, Leesburg, and Clermont.

38.  On or about August 7, 2020, Regional Manager Caylor received an E-mail from a Club Member stating how Mitchell had a positive impact on the member. Mr. Caylor responded to the member stating that

"[Mitchell] has consistently went above and beyond for our members at each and every location she has worked at and it has not gone unnoticed from Upper Management."

39. On or about August 12, 2020, Mitchell received a text message from upper management which stated, Tim Caylor "raved about you.... He said you go above and beyond when the company has asked you to come in on short notice or you volunteer. He said you've got an amazing work ethic."

40. Although Mitchell applied for the Apopka General Manager position, she never received an interview. On or about August 24, 2020, the position was filled by Mr. Jason Lucas, (Mr. Lucas) an unqualified non-African American.

41. On or about September 2, 2020, Director of Operations, Mr. Chris McGilloway ("Mr. McGilloway") and Regional Manager Mr. Mauricio Cardenas ("Mr. Cardenas") interviewed Mitchell for the Clermont and Leesburg General Manager positions. Before the interview started, Mr. McGilloway told Mitchell, "[j]ust because you have experience and are qualified does not mean that you will be a General Manager."

42. On or about September 2020, instead of promoting the more qualified candidate, Mitchell, Defendant Planet Fitness promoted Ms. Gribschaw to General Manager of the Clermont club, although she had only worked

for Planet Fitness for less than a year, and held the Assistant General Manager position for only a few weeks.

43. Promoting an employee with only a few weeks experience as an Assistant General Manager to General Manager is contradictory to the reasons Regional Manager Caylor gave Mitchell.

44. Moreover, Planet Fitness' policy requires that an employee work for a minimum of 1 year before the employee is promoted to General Manager.

45. Ms. Gribschaw was employed with Planet Fitness for less than one (1) year.

46. Ms. Gribschaw held the Assistant Manager position for a few weeks.

47. From 2015 to 2020, no African Americans were promoted to General Manager in the region under Tim Caylor's leadership.

### *Retaliation*

48. During Mitchell's September 2, 2020, interview Mitchell expressed to Mr. McGilloway and Mr. Cardenas, her employment and discrimination concerns. Specifically, that Planet Fitness promotes non-African American employees with less qualifications and experience, and without conducting interviews.

49. On or about September 4, 2020, Mitchell emailed Planet Fitness' Human Resources Department about her employment and discrimination concerns.

50.     A few days later, Mitchell received a phone call from Mr. Caylor, informing her that she would not be promoted to either of the Apopka, Clermont, or Leesburg General Manager positions.

51.     On or about September 23, 2020, Mitchell emailed Director of Operations Mr. McGilloway and Regional Manager Mr. Caylor, expressing her concerns about the promotion process.

52.     On or around September 29, 2020, Mitchell attended a meeting with upper management in which she again relayed her concerns regarding the unequal promotion practices which affected her as an African American.

53.     During the meeting, instead of listening to Mitchell's concerns, Management continued to deflect and told Mitchell that she needs to "worry about herself and not others that have received promotions".

54.     After Mitchell voiced her concerns to upper management, Mitchell was issued her very first below average performance review during her unblemished five (5) year tenure with Planet Fitness. This performance review was conducted outside of the official review period and backdated to reflect that it was done during the official review period.

55.     On or about October 4, 2020, due to the disparate treatment Mitchell faced due to her race, Mitchell was constructively demoted from

Assistant General Manager to a non-managerial position which required a lower pay grade.

56. After Mitchell's meeting with upper management, Mitchell was unexpectedly suspended and sent home while Planet Fitness conducted an investigation regarding alleged comments that she made concerning the promotion process.

57. On or about October 14, 2020, after five years of employment with Planet Fitness, Mitchell received her first ever "corrective counseling" for speaking out about the unequal promotion practices and how it affected African Americans.

58. Planet Fitness, in complete disregard of their own progressive discipline policy, bypassed lesser forms of punishment and issued Mitchell a "final counseling" with the threat of immediate termination.

59. On or about October 19, 2020, Mitchell, via email, requested an appeal regarding her final written warning. Hours later, in violation of Planet Fitness' own appeal policy, her appeal was never heard and summarily denied.

<u>*Hostile Work Environment*</u>

60. At all times relevant to this action, Mitchell endured an environment filled with discriminatory behavior and unequal treatment towards her and other African American employees.

61.     In or around January 2020, Symphonie Fisher, the General Manager of the Eustis location, began subjecting Mitchell and other African Americans to humiliating and offensive remarks about African American's "being lazy", having "nappy hair", and "being ghetto." Ms. Fisher also mocked African Americans' hair types and ridiculed Mitchell for wearing a wig.

62.     Further, Ms. Fisher repeatedly denied African American employees' requests for raises and ignored their expressed interest in being promoted.

63.     Ms. Fisher also "singled out" African Americans, by only admonishing them for alleged misconduct, but not non-African American employees engaging in the same or similar alleged misconduct.

64.     Ms. Fisher segregated the duties of employees by race. When an African American club member expressed their concerns about the club, Ms. Fisher demanded that only Mitchell and other African American employees speak with the upset club member and stated, "you all know how to talk to each other", while denying African American employees the opportunity to calm non-African American club members.

65.     Because Planet Fitness has more non-African American club members than African American club members, Ms. Fisher's segregationist policy

limited African Americans in their opportunity to resolve club member issues.

66.  Resolving club member issues is an essential function needed to become a General Manager.

67.  Moreover, while Mitchell was an Assistant General Manager, she was not allowed to freely exercise her authority.

68.  For example, when Mitchell attempted to discipline two (2) employees for locking out club members 20 minutes before closing, her decision to issue a "corrective action" was reversed by the General Manager, Mr. Lucas.

69.  Another example of Planet Fitness limiting Mitchell's ability to exercise her authority occurred when Mitchell sent an employee home for insubordination. Mitchell's decision to send that employee home did not violate any policy of Planet Fitness, but it was discussed negatively in her interview for General Manager. In fact, the specific employee sent home has commended Mitchell's handling of the matter and acknowledged Mitchell's actions to send her home were appropriate.

70.  Other non-African American Assistant General Managers were able to discipline employees without it being viewed negatively or being overruled by upper management.

71.    Moreover, on or about January 2020, Ms. Fisher intimidated Mitchell and other African American employees by proudly announcing that her father and grandfather are Klansmen and members of the Ku Klux Klan ("KKK").

72.    Mitchell addressed the harassment with General Manager, Kelli Taala ("Ms. Taala").   Shortly after reporting the harassment, Ms. Fisher abruptly transferred Mitchell from Eustis to Clermont, another club located nearly forty (45) minutes farther away, and without the required two (2) weeks' notice.

73.    In or around October 2020, Ms. Fisher was ultimately fired after an investigation into this EEOC charge.

74.    If Mitchell had not complained to the EEOC concerning Ms. Fisher's conduct, then Ms. Fisher would still be a General Manager.

75.    On or about November 1, 2020, due to the discriminatory practices at work, Mitchell was rushed to the emergency room with high blood pressure, severe hypertension, and other medical conditions. This is now an ongoing and permanent medical condition.

## COUNT I – VIOLATION OF TITLE VII RACE BASED DISCRIMINATION – DISPARATE TREATMENT (Defendant Planet Fitness)

76.   Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

77.   Plaintiff is a member of a protected class due to her race.

78.   Plaintiff was qualified to be interviewed and promoted to General Manager.

79.   Plaintiff was denied opportunities to interview for the General Manager position due to her race.

80.   Plaintiff was denied several promotions to General Manager due to her race.

81.   Planet Fitness promoted less qualified or unqualified, non-African American employees to General Manager over Plaintiff.

82.   Plaintiff was treated less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

83.   Planet Fitness' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT II – VIOLATION OF TITLE VII RACE DISCRIMINATION – DISPARATE IMPACT (Defendant Planet Fitness)

84. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Fifty-five (55), and Paragraph Seventy-five (75), as though fully set forth herein.

85. Plaintiff is a member of a protected class.

86. Planet Fitness' facially race-neutral policy of not posting all open General Manager positions creates a disparate impact that affects African American employee's ability to become Assistant General Manager, General Manager, and/or Regional Manager.

87. Planet Fitness' facially race-neutral policy of requiring an employee to receive permission from a Regional Manager to apply for a General Manager or Assistant General Manager position creates a disparate

impact that affects African American employee's ability to become General Manager or Regional Manager.

88.  Planet Fitness' facially race-neutral policy of requiring an employee to receive permission from a General Manager to apply for a General Manager or Assistant General Manager position creates a disparate impact that affects African American employee's ability to become General Manager or Regional Manager.

89.  At the time Mitchell filed her EEOC complaint, 98% of Planet Fitness' General Managers and Regional Managers were non-African American employees.

90.  At the time Mitchell filed her EEOC complaint, she attempted to discuss the issue with management, but management refused to discontinue the practice.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT III – VIOLATION OF TITLE VII – RETALIATION
## (Defendant Planet Fitness)

91.    Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty (20), Paragraphs Forty-eight (48) through Fifty-nine (59),  Paragraph Seventy-two (72), and Paragraph Seventy-five (75) as though fully set forth herein.

92.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act when Plaintiff reported to upper management Planet Fitness' discriminatory promotion practices, and Ms. Fisher's discriminatory actions and comments.

93.    In retaliation for engaging in protected activity, Plaintiff suffered materially adverse employment actions, including but not limited to, Planet Fitness issuing her a back dated and negative performance review, suspending her from work, ignoring their transfer policy to transfer Plaintiff without proper two (2) weeks' notice, ignoring their progressive discipline policy, issuing Plaintiff a final written warning, threatening to terminate Plaintiff if Plaintiff continued to voice her concerns, and violating Planet Fitness' appeal policy by ignoring Plaintiffs appeal of her corrective action.

94.    The actions of Planet Fitness might well deter a reasonable employee from voicing their concerns about Planet Fitness' discriminatory promotion practices.

95.    The actions of Planet Fitness might well deter a reasonable employee from reporting a supervisor's discriminatory actions and comments.

96.    Planet Fitness' illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT IV – TITLE VII – HOSTILE WORK ENVIORNMENT
### (Defendant Planet Fitness)

97.    Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

98.    Plaintiff is a member of a protected class due to her race.

99.    Planet Fitness created and allowed a discriminatory hostile work environment based on race that severely or pervasively altered the terms and conditions of Plaintiff's employment.

100.   Planet Fitness knew, or should have known, of the harassment of Plaintiff and failed to take appropriate remedial action.

101.   Planet Fitness' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT V – VIOLATION OF 42 U.S.C. § 1981
## (Defendant Planet Fitness)

102.   Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

103.   Plaintiff is a member of a protected class due to her race.

104.   Planet Fitness created and allowed a discriminatory hostile work environment based on race that severely or pervasively altered the terms and conditions of Plaintiff's employment.

105.   Planet Fitness knew, or should have known, of the harassment of Plaintiff and failed to take appropriate remedial action.

106.   Planet Fitness' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT VI- VIOLATION OF 42 U.S.C. § 1981
## FAILURE TO PROMOTE (Defendant Planet Fitness)

107.   Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

108.   Plaintiff is a member of a protected class due to her race.

109.   Plaintiff was qualified to be interviewed and promoted to General Manager.

110.   Plaintiff was denied opportunities to interview for the General Manager position due to her race.

111.   Plaintiff was denied promotions to General Manager due to her race.

112.   Planet Fitness promoted less qualified or unqualified non-African American employees to General Manager over Plaintiff.

113.   Plaintiff was treated less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

114.   Planet Fitness' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT VII- VIOLATION OF 42 U.S.C. § 1981
## FAILURE TO PROMOTE (Defendant Mr. Caylor)

115.   Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

116.   Plaintiff is a member of a protected class due to her race.

117. Plaintiff was qualified to be interviewed and promoted to General Manager.

118. Mr. Caylor denied Plaintiff opportunities to interview for the General Manager position due to her race.

119. Mr. Caylor denied Plaintiff promotions to General Manager due to her race.

120. Mr. Caylor promoted less qualified or unqualified non-African American employees to General Manager over Plaintiff.

121. Mr. Caylor treated Plaintiff less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

122. Mr. Caylor's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Mr. Caylor to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT VIII- VIOLATION OF 42 U.S.C. § 1981– FAILURE TO PROMOTE (Defendant Mr. McGilloway)

123. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

124. Plaintiff is a member of a protected class due to her race.

125. Plaintiff was qualified to be interviewed and promoted to General Manager.

126. Mr. McGilloway's action or inaction denied Plaintiff opportunities to interview for the General Manager position due to her race.

127. Mr. McGilloway's action or inaction denied Plaintiff promotions to General Manager due to her race.

128. Mr. McGilloway's action or inaction allowed less qualified or unqualified non-African American employees to become General Manager over Plaintiff.

129. Mr. McGilloway's action or inaction caused Plaintiff to be treated less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

130. Mr. McGilloway's actions or inactions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Mr. McGilloway to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT IX – VIOLATION OF 42 U.S.C. § 1981– FAILURE TO PROMOTE (Defendant Mr. Cardenas)

131.  Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

132.  Plaintiff is a member of a protected class due to her race.

133.  Plaintiff was qualified to be interviewed and promoted to General Manager.

134.  Mr. Cardenas' action or inaction denied Plaintiff opportunities to interview for the General Manager position due to her race.

135.  Mr. Cardenas' action or inaction denied Plaintiff promotions to General Manager due to her race.

136.  Mr. Cardenas' action or inaction allowed less qualified or unqualified non-African American employees to become General Manager over Plaintiff.

137. Mr. Cardenas' action or inaction caused Plaintiff to be treated less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

138. Mr. Cardenas' actions or inactions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Mr. Cardenas to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT X- VIOLATION OF 42 U.S.C. § 1981– RETALIATION (Defendant Ms. Mooty)

139. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty (20), Paragraphs Forty-eight (48) through Fifty-nine (59), Paragraph Seventy-two (72), and Paragraph Seventy-five (75) as though fully set forth herein.

140. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act when Plaintiff

reported to upper management regarding Planet Fitness' discriminatory promotion practices and hostile work environment.

141. In retaliation for engaging in protected activity, Ms. Mooty's action or inaction caused Plaintiff to suffer a materially adverse employment action, including but not limited to, Plaintiff being issued a back dated and negative performance review, Plaintiff being suspended from work, Plaintiff being transferred without proper two (2) weeks' notice, ignoring Planet Fitness' progressive discipline, allowing lower level managers (her subordinates) to ignore Planet Fitness' progressive discipline policy, issuing Plaintiff a final written warning, threatening to terminate Plaintiff if Plaintiff continued to voice her concerns, and violating Planet Fitness' appeal policy by ignoring Plaintiffs appeal of her corrective action

142. The action or inaction of Ms. Mooty might well deter a reasonable employee from voicing their concerns about Planet Fitness' discriminatory promotion practices.

143. The action or inaction of Ms. Mooty might well deter a reasonable employee from reporting a supervisor's discriminatory actions and comments.

144. Ms. Mooty's illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Ms. Mooty to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fee.

## COUNT XI – VIOLATION OF 42 U.S.C. § 1981– HOSTILE WORK ENVIRONMENT (Defendant Ms. Fisher)

145.    Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty (20), Paragraph Fifty-five (55), and Paragraphs Sixty (60) through Seventy-five (75), as though fully set forth herein.

146.    Plaintiff is a member of a protected class due to her race.

147.    Ms. Fisher created and allowed a discriminatory hostile work environment based on race that severely or pervasively altered the terms and conditions of Plaintiff's employment.

148.    Ms. Fisher's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Ms. Fisher to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## <u>COUNT XII – FLORIDA CIVIL RIGHTS ACT – RACE BASED DISCRIMINATION – DISPARATE TREATMENT (Defendant Planet Fitness)</u>

149. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Forty-seven (47), and Paragraphs Fifty-five (55) through Seventy-five (75), as though fully set forth herein.

150. Plaintiff is a member of a protected class due to her race.

151. Plaintiff was qualified to be interviewed and promoted to General Manager.

152. Plaintiff was denied opportunities to interview for the General Manager position due to her race.

153. Plaintiff was denied promotions to General Manager due to her race.

154. Planet Fitness promoted less qualified or unqualified non-African American employees to General Manager over Plaintiff.

155. Plaintiff was treated less favorably than similarly situated individuals outside of her protected class in regard to, but not limited to, promotions and other terms and conditions of employment.

156. Planet Fitness' disparate treatment of Plaintiff due to her race was willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post

judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT XIII- FLORIDA CIVIL RIGHTS ACT – RACE BASED DISCRIMINATION–DISPARATE IMPACT (Defendant Planet Fitness)

157.   Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Fifty-five (55), and Paragraph Seventy-five (75), as though fully set forth herein.

158.   Plaintiff is a member of a protected class.

159.   Planet Fitness' facially race-neutral policy of not posting all open General Manager positions creates a disparate impact that affects African American employee's ability to become Assistant General Manager, General Manager, and/or Regional Manager.

160.   Planet Fitness' facially race-neutral policy of requiring an employee to receive permission from a Regional Manager to apply for a General Manager or Assistant General Manager position creates a disparate impact that affects African American employee's ability to become General Manager or Regional Manager.

161.   Planet Fitness' facially race-neutral policy of requiring an employee to receive permission from a General Manager to apply for a General

Manager or Assistant General Manager position creates a disparate impact that affects African American employee's ability to become General Manager or Regional Manager.

162. At the time Mitchell filed her EEOC complaint, 98% of Planet Fitness' General Managers and Regional Managers were non-African American employees.

163. At the time Mitchell filed her EEOC complaint, she attempted to discuss the issue with management, but management refused to discontinue the practice.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### COUNT XIV – FLORIDA CIVIL RIGHTS ACT – RETALIATION F.S. §760.10 (7) (Defendant Planet Fitness)

164. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty (20), Paragraphs Forty-eight (48) through Fifty-nine (59), Paragraph Seventy-two (72), and Paragraph Seventy-five (75) as though fully set forth herein.

165.   Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act when Plaintiff reported to upper management Planet Fitness' discriminatory promotion practices, and Ms. Fisher's discriminatory actions and comments.

166.   In retaliation for engaging in protected activity, Plaintiff suffered materially adverse employment actions, including but not limited to, Planet Fitness issuing her a back dated and negative performance review, suspending her from work, ignoring their transfer policy by transferring Plaintiff without proper two (2) weeks' notice, ignoring their progressive discipline policy, issuing Plaintiff a final written warning, threatening to terminate Plaintiff if Plaintiff continued to voice her concerns and violating Planet Fitness' appeal policy by ignoring Plaintiffs appeal of her corrective action

167.   The actions of Planet Fitness' might well deter a reasonable employee from voicing their concerns about Planet Fitness' discriminatory promotion practices.

168.   The actions of Planet Fitness might well deter a reasonable employee from reporting a supervisor's discriminatory actions and comments.

169.   Planet Fitness' illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Planet Fitness to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: **June 19, 2020**

Respectfully submitted,

*/s/ Deron T. Roberson Jr.*
DERON T. ROBERSON, JR.
Florida Bar Number 1011941
AARON C. ROBERSON
Florida Bar Number 1018139
ROBERSON & ROBERSON P.A.
Email:
d.roberson@robersonemploymentlaw.com;
a.roberson@robersonemploymentlaw.com;
Info@robersonemploymentlaw.com
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33602
Phone:  813.808.3688
Attorneys for Plaintiff

*/s/ Daniel Nesheiwat*
DANIEL NESHEIWAT
Florida Bar Number 122423
DINA NESHEIWAT
Florida Bar Number 78342
THE NESHEIWAT LAW GROUP, PLLC
Email:  daniel@neshlawgroup.com;
dina@neshlawgroup.com
info@neshlawgroup.com
2901 Clint Moore Road, #326
Boca Raton, FL 33496
Phone: 615.430.0818
Fax: 561.948.2092
Attorneys for Plaintiff

*/s/ Benjamin Crump*
BENJAMIN CRUMP, ESQ.
Florida Bar Number 72583
BEN CRUMP, PLLC
Email:  court@bencrump.com
122 South Calhoun Street
Tallahassee, FL 33496
Phone: 850.224.2020
Fax: 850.224.2021
Attorneys for Plaintiff