# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| T'UNICA MITCHELL, an Individual, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO. 6:21-cv-01045-WWB-DCI<br>) |
| SUNSHINE FITNESS MANAGEMENT LLC, d/b/a PLANET FITNESS, a Florida limited liability company; TIM CAYLOR, an individual; CHRISTOPHER MCGILLOWAY, an individual; MAURICIO CARDENAS, an individual; KRISTINA MOOTY, an individual; and SYMPHONIE FISHER, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT, KRISTINA MOOTY'S, MOTION TO DISMISS COUNT X OF THE COMPLAINT

Defendant, KRISTINA MOOTY ("Mooty"), by and through her undersigned counsel moves to dismiss Count X of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant Mooty states as follows:

I. **INTRODUCTION**

Plaintiff T'unica Mitchell ("Plaintiff"), current employee of co-defendant Sunshine Fitness Management, LLC ("Sunshine Fitness") has improperly sued current Vice President of Human Resources for Sunshine Fitness, Kristina Mooty in her individual capacity for alleged violation of 42 U.S.C. § 1981 ("§ 1981"). Specifically, in her only cause of action against Ms. Mooty, Plaintiff claims that by simply holding the role of a human resource professional, Ms. Mooty is personally liable for retaliation under § 1981.

Despite the immoderate length of Plaintiff's 169 paragraph Complaint, the <u>only</u> factual allegation concerning Ms. Mooty is that she was employed as the Vice President of Human Resources. (Compl. ¶ 14). But this fact alone does not compel the conclusion that Ms. Mooty is personally liable under § 1981.

The Complaint is devoid of any factual allegations that Ms. Mooty <u>personally</u> engaged in any alleged retaliatory act or that Ms. Mooty <u>personally</u> retaliated against Plaintiff for allegedly complaining about prohibited discrimination. In fact, the Complaint does not even include an allegation that that Ms. Mooty was even aware of Plaintiff's alleged protected activity, a critical fact to establish the required causal link for Plaintiff's retaliation claim.

As discussed more fully below, the allegations in the Complaint reflect nothing more than the fact that Ms. Mooty is a human resource professional for

Plaintiff's employer. Such sparse allegations concerning Ms. Mooty fall far short of stating a retaliation claim under § 1981. Thus, Count X asserted against Ms. Mooty should be dismissed for failure to state a claim for which relief can be granted.

## II.   RELEVANT FACTUAL ALLEGATIONS

### A. Plaintiff's Lawsuit

Plaintiff has filed a fourteen (14) count Complaint against her current employer, Sunshine Fitness Management LLC d/b/a Planet Fitness ("Sunshine Fitness") and five individuals who are current or former Sunshine Fitness employees, including Ms. Mooty, Vice President of Human Resources for Sunshine Fitness. In her Complaint, Plaintiff asserts the following claims: (1) Disparate Treatment under Title VII of the Civil Rights Act ("Title VII") against Sunshine Fitness (Count I); (2) Disparate Impact under Title VII against Sunshine Fitness (Count II); (3) Retaliation under Title VII against Sunshine Fitness (Count III); (4) Hostile Work Environment under Title VII against Sunshine Fitness (Count IV); (5) Hostile Work Environment under 42 U.S.C. § 1981 against Sunshine Fitness (Count V); (6) Failure to Promote under 42 U.S.C. § 1981 against Sunshine Fitness (Count VI); (7) Failure to Promote under 42 U.S.C. § 1981 against Defendant Tim Caylor (Count VII); (8) Failure to Promote under 42 U.S.C. § 1981 against Defendant Christopher McGilloway (Count VIII); (9)

Failure to Promote under 42 U.S.C. § 1981 against Defendant Mauricio Cardenas (Count IX); (10) Retaliation under 42 U.S.C. § 1981 against Defendant Kristina Mooty (Count X); (11) Hostile Work Environment Under 42 U.S.C. § 1981 against Defendant Symphonie Fisher (Count XI); (12) Disparate Treatment under the Florida Civil Rights Act ("FCRA") against Sunshine Fitness (Count XII); (13) Disparate Impact under the FCRA against Sunshine Fitness (Count XIII); and (14) Retaliation under the FCRA against Sunshine Fitness (Count XIV).

## B. Plaintiff's Allegations Related to Ms. Mooty[1]

In the Complaint, Plaintiff states that she is an African American woman who has been employed by Sunshine Fitness since November 2015. (Compl. ¶¶ 5, 20). Plaintiff started her employment at Sunshine Fitness as a "Club Opener" and worked her way up to become an Assistant General Manager in or around October 2019. (Compl. ¶¶ 20, 28). Plaintiff claims she was subjected to various forms of harassment, discrimination and retaliation, including being denied a promotion to one of three available General Manager positions due to her race and being constructively demoted from Assistant General Manager to a non-managerial position at a lower pay grade. (Compl. ¶¶ 50, 55).

---

[1] The following facts are taken from the Complaint and are accepted as true for the sole purposes of deciding this motion only. Citations to the Complaint are hereinafter referenced as "(Compl. ¶ ___)."

The portion of the Complaint devoted to Plaintiff's "Factual Allegations" contains absolutely no mention of Ms. Mooty (Compl. ¶¶ 20-75). Before the section identifying Plaintiff's causes of actions, the only allegation in the Complaint directly related to Ms. Mooty is under the "Parties" section of the Complaint in which Plaintiff alleges that "[a]t all times relevant to this action, Defendant Kristina Mooty was employed by [Sunshine Fitness] as Vice President of Human Resources." (Compl. ¶ 14). Although Plaintiff states that on or about September 23, 2020, she emailed the "Human Resources Department about her employment and discrimination concerns," (Compl. ¶ 49), she does not identify who in the human resources department she emailed or that Ms. Mooty was even aware of her alleged complaint.

On or about September 29, 2020, Plaintiff alleges that she "attended a meeting with upper management in which she again relayed her concerns regarding the unequal promotion practices which affected her as an African American." (Compl. ¶ 52). However, Plaintiff again fails to identify who in "upper management" attended the meeting and to whom she allegedly complained. There is no allegation that Ms. Mooty attended this meeting.

Accordingly, the only allegation upon which Plaintiff bases her retaliation claim against Ms. Mooty is that she was the Vice President of Human Resources. Yet, Plaintiff asserts in a conclusory fashion, and without factual support, that

Ms. Mooty is personally liable for retaliation under § 1981 because "[i]n retaliation for engaging in protected activity, Ms. Mooty's action or inaction caused Plaintiff to suffer a materially adverse employment action, including but not limited to, Plaintiff being issued a back dated and negative performance review, Plaintiff being suspended from work, Plaintiff being transferred without proper two (2) weeks' notice, ignoring [Sunshine Fitness'] progressive discipline, allowing lower level managers (her subordinates) to ignore [Sunshine Fitness'] progressive discipline policy, issuing Plaintiff a final written warning, threatening to terminate Plaintiff if Plaintiff continued to voice her concerns, and violating [Sunshine Fitness'] appeal policy by ignoring Plaintiff's appeal of her corrective action." (Compl. ¶¶ 54-59; 141). Plaintiff does not, however, allege that Ms. Mooty was directly or indirectly involved in any employment decision involving Plaintiff, nor does she allege any facts that would suggest Ms. Mooty altered a single term of Plaintiff's employment.

### III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). A complaint may withstand a motion to dismiss if it

contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 668 (2009). Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although a court evaluating a defendant's motion to dismiss must assume that all facts alleged in the complaint are true, the court need not accept unsupported legal allegations *Campos v. L N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are insufficient to meet the requirements of Rule 12(b)(6). *Id.*

To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must plead sufficient facts, not mere conclusions. Plaintiff must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Twombly*, 550 U.S. at 555–56. As set forth below, Plaintiff

7

falls far short of satisfying this pleading standard and Plaintiff's claims should be dismissed.

## IV. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A SECTION 1981 CLAIM AGAINST MS. MOOTY

"To establish a § 1981 retaliation claim based on circumstantial evidence, the plaintiff must show: (1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is a causal connection between the two events." *Hearn v. IBM*, No. 8:13-cv-827, 2013 U.S. Dist. LEXIS 141761, at *10 (M.D. Fla. Oct. 1, 2013) (citing *Porter v. Am. Cast Iron Pipe Co.*, 427 Fed. Appx. 734, 737 (11th Cir. 2011)).

"To establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct' and that the protected activity and the adverse employment action were not wholly unrelated." *Brooks v. CSX Transp., Inc.*, No. 3:09-cv-379-J-25TEM, 2013 U.S. Dist. LEXIS 199794, at *25-26 (M.D. Fla. Mar. 29, 2013) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000), a*brogated on other grounds by Burlington N. &Santa Fe Ry. Co. v. White*, 548 U.S. 53 L. Ed. 2d 345 (2006)). "It is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression." *Bass v. Bd. of County Comm'rs, Orange Cnty*, 256 F.3d 1095,

1119 (11th Cir. 2001) *overruled in part on other grounds by Crawford v. Carroll*, 529 F. 3d. 961 (11th Cir. 2008) (citation omitted).

Moreover, because Plaintiff has brought a claim of individual liability under § 1981, "personal involvement of the defendant is essential." *Cason Enters. v. Metro. Dade Cty.*, 20 F. Supp. 2d 1331, 1337 (S.D. Fla. 1998). There must be "some affirmative link to causally connect the actor with the [retaliatory] action,'" and the claim "'must be predicated on the actor's personal involvement.'" *Crawley v. Paskert-Johnson Co.*, No. 8:07-cv-1789-T-23TGW, 2008 U.S. Dist. LEXIS 109628, at *4 (M.D. Fla. Nov. 3, 2008) (quoting *Allen v. Denver Public School Bd.*, 928 F.2d 978, 983 (10th Cir. 1991) *overruled on other grounds*; see also *Jerome v. Hertz Corp.*, 15 F. Supp. 3d 1225, 1234 (M.D. Fla. 2014) ("[A] plaintiff cannot bring a cause of action pursuant to Section 1981 against an individual not personally involved.").

Absent such allegations, courts have consistently granted motions to dismiss Section 1981 claims brought against individuals. *Id* (granting individual defendant's motion to dismiss for failure to state a claim under section 1981 where the complaint contained no allegations of personal involvement in the alleged discriminatory acts by defendant). *See also Maeder v. Tom Bush Auto-Plex, Inc.*, No. 3:14-cv-335-J-34PDB, 2015 U.S. Dist. LEXIS 34994, at *14 (M.D. Fla. Mar. 20, 2015) (dismissing plaintiff's 1981 claim where there were no facts tying

individual defendant to specific acts of discrimination); *Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 407-08 (S.D.N.Y. 2008) (dismissing section 1981 where plaintiff failed to allege that his supervisors were personally involved in discriminatory activity and there was not enough to allege that individual defendants failed to investigate plaintiff's complaint of discrimination); *Calderon v. Saxton*, No. 3:03-cv-1566, 2007 U.S. Dist. LEXIS 69545, at *16-17 (D. Conn. Sep. 21, 2007) (dismissing Section 1981 claims against individual defendants because no allegation that individuals were personally involved in the alleged discrimination).

Here, Plaintiff's retaliation claim against Ms. Mooty fails as a matter of law because Plaintiff (1) fails to allege that Ms. Mooty had any knowledge of her protected activity; and (2) does not allege any facts establishing that Ms. Mooty played any role in any materially adverse action taken against Plaintiff as a result of Plaintiff's alleged protected activity.

### A. Plaintiff's Retaliation Claim Against Ms. Mooty Must be Dismissed Because Plaintiff Fails to Plead Any Facts to Establish a Casual Connection Between Ms. Mooty and Any Alleged Adverse Actions

Fatal to Plaintiff's retaliation claim against Ms. Mooty is that there are no facts to establish a casual connection between Plaintiff's alleged protected activity and any adverse action taken by Ms. Mooty. In fact, there are *no* allegations that Plaintiff ever complained directly to Ms. Mooty of unlawful

discrimination or that Ms. Mooty even had knowledge of any protected activity by Plaintiff.

Although Plaintiff alleges that she emailed someone from the human resource department about her unspecified "employment and discrimination concerns," (Compl. § 49), noticeably, she does not identify who in the human resources department she emailed. Similarly, while Plaintiff contends that she attended a meeting with "upper management" to express her concerns about purported unequal promotion practices which affected her as an African American (Compl. § 52), Plaintiff fails to identify who in "upper management" attended the meeting or that Ms. Mooty even knew of Plaintiff's meeting with upper management or of her alleged complaints at the time any alleged adverse action occurred.

Logically, Ms. Mooty could not have made an adverse, retaliatory decision based upon information of which she was unaware, and Plaintiff's retaliation claim against Ms. Mooty must be dismissed for this reason alone. *See Decosta v. ARG Res., LLC*, No. 12-23482-CV, 2012 U.S. Dist. LEXIS 192060, at *10 (S.D. Fla. Dec. 7, 2012) (granting defendant's motion to dismiss plaintiff's 1981 retaliation claim because plaintiff did not allege who decided to terminate his employment, and did not allege that the decision maker was aware of plaintiff's complaint); *Callahan v. Consol. Edison Co. of N.Y., Inc.*, 187 F. Supp. 2d 132 (S.D.N.Y. 2002)

11

(Section 1981 retaliation claim dismissed where plaintiff failed to allege that the individual defendant "had any actual or constructive knowledge of her complaints to… management.").

### B. Plaintiff's Retaliation Claim Against Ms. Mooty Fails Because Plaintiff Fails to Allege Ms. Motty Personally Took Any Alleged Adverse, Retaliatory Action Against Plaintiff

Moreover, the Complaint fails to allege that Ms. Mooty personally took any adverse action against her, a requirement to hold an individual personally liable under § 1981. *See Crawley v. Paskert-Johnson Co.,* No. 8:07-cv-1789-T-23TGW, 2008 U.S. Dist. LEXIS 109628, at *4 (M.D. Fla. Nov. 3, 2008). There is not a single factual allegation in Plaintiff's 169-paragraph Complaint alleging that Ms. Mooty had any personal involvement in any of the decisions complained about by Plaintiff as retaliatory. In fact, there are no facts suggesting that Plaintiff interacted with Ms. Mooty at all, or any explanation for why she was sued in her individual capacity. The portion of the Complaint related to Plaintiff's "Factual Allegations" contains absolutely no mention of Ms. Mooty. (Compl. ¶¶ 20-75). The only allegation Plaintiff asserts specifically mentioning Ms. Mooty is that she is the Vice President of Human Resources. (Compl. ¶ 14).

Yet, Plaintiff asserts a retaliation claim against Ms. Mooty purportedly under § 1981 alleging that "[i]n retaliation for engaging in protected activity Ms. Mooty's action or inaction caused Plaintiff to suffered materially adverse

12

employment action including but not limited to, Plaintiff being issued a back dated and negative performance review, Plaintiff being suspended from work, Plaintiff being transferred without proper two (2) weeks' notice, ignoring [Sunshine Fitness'] progressive discipline, allowing lower level managers (her subordinates) to ignore [Sunshine Fitness'] progressive discipline policy, issuing Plaintiff a final written warning, threatening to terminate Plaintiff if Plaintiff continued to voice her concerns, and violating [Sunshine Fitness'] appeal policy by ignoring Plaintiff's appeal of her corrective action." (Compl. ¶ 141). It appears this paragraph was copied almost verbatim from the retaliation causes of action asserted by Plaintiff against Sunshine Fitness. (Compl. ¶¶ 93,166).

Ms. Mooty cannot be individually liable for retaliation simply because she is the Vice President of Human Resources. Absent factual allegations that would allow the Court to draw the reasonable inference that Ms. Mooty herself retaliated against Plaintiff after she raised concerns of racial discrimination, Plaintiff's claim against Ms. Mooty must be dismissed. *See Ifill v. UPS,* 2005 U.S. Dist. LEXIS 5230, at *15-16 (S.D.N.Y. Mar. 29, 2005) (action brought under § 1981 dismissed against individual defendant because claim failed to allege that the regional human resources manager's direct involvement in any adverse action).

For all the foregoing reasons, Plaintiff fails to plead sufficient facts to support an individual liability claim under § 1981 against Ms. Mooty and Count X should be dismissed.

## V. CONCLUSION

WHEREFORE, Defendant KRISTINA MOOTY, respectfully requests that the Court enter an order granting this Motion and dismissing Count X of the Complaint for failure to state a claim and for any such relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Ms. Mooty has conferred with counsel for Plaintiff and counsel for Plaintiff opposes the relief requested in this Motion.

DATED this 5th day of August, 2021.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:  (407) 246-8440<br>Facsimile:    (407) 246-8441<br><br>By:    /s/ Alicia M. Chiu<br>         Alicia M. Chiu<br>         Florida Bar No. 0058366<br>         alicia.chiu@jacksonlewis.com<br><br>         Madonna M. Snowden |

|  | Florida Bar No. 124522<br>Madonna.snowden@jacksonlewis.com<br><br>Attorneys for Sunshine Fitness, Tim Caylor, Christopher McGilloway, Mauricio Cardenas and Kristina Mooty |
|---|---|

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 5th day of August, 2021, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                            */s/ Alicia M. Chiu*
                                            Attorney

4826-3521-5347, v. 2